# CIRCUIT COURT OF LOUDOUN COUNTY

Norman Bradford

v.

Joseph Goodwin
and Hope Goodwin

Case No. (Chancery) 20476

BY JUDGE THOMAS D. HORNE

August 24, 2001

This matter is before the Court on the Plaintiff's Motion to Compel Discovery. The Plaintiff requests that this Court compel the defendants' real estate agent and the defendants' attorney to disclose their communications amongst one another. It is not possible to determine from the extant record whether either may be compelled to testify as to those matters about which the privilege is asserted.

In the Commonwealth, "[c]onfidential communications between attorney and client made because of that relationship and concerning the subject matter of the attorney's employment are privileged from disclosure. . . ." *Commonwealth v. Edwards*, 235 Va. 499, 508-09 (1988). "The privilege attaches to communications of the client made to the attorney's agents, including accountants, when such agent's services are indispensable to the attorney's effective representation of the client." *Id.* at 509. An attorney is ethically barred from revealing such information. Va. Rules of Professional Conduct, Rule 1.6 (2001). If a communication would have been privileged had it been made directly between an attorney and his client, it will be equally privileged when it is made through the client's agent or employee. 81 Am. Jur. 2d, *Witnesses*, §§ 382, 428 (1992).

Accordingly, the Court will defer a ruling on the motions to permit the parties to supplement the record.

September 10, 2001

Complainant (Purchaser) seeks specific performance of a contract for the sale of a home owned by the Defendants (Sellers) and located in Loudoun County, Virginia. The contract provides for settlement on or before March 28, 2000. Were settlement not to take place by March 28, 2000, the contract further states that it is rendered void unless the closing date was to be extended to enable the Sellers to cure reported defects in title. Sellers were to undertake action to correct the defect within fifteen days of the receipt of the title report. If the defects were of a type that could not be remedied within ninety days after receipt of the title report by the Sellers, then the contract would be terminated and the deposit returned to the Purchaser.

The title report prepared in connection with the sale of the instant property disclosed an unreleased judgment against a predecessor in title to the seller. Left of record, this judgment renders the title unmarketable and uninsurable. It is a defect that could have been readily remedied within the ninety days set forth in the contract.

Based upon the evidence, the Court finds that the complainant accepted the contract upon the terms of the offer by the defendants. Purchaser was obligated to communicate his acceptance of the contract to the Sellers or their agent by the March 28, 2000. Purchaser signed the contract and delivered it to the escrow agent designated in the contract of sale on the March 28, 2000. The escrow agent reported that he telephoned the attorney for the Sellers on that day and advised him that the contract had been accepted. Sellers' attorney testifies that he had no recollection of having received such a call. However, the evidence would support a conclusion that the memory of the escrow agent is superior on this point. Acceptance by the Purchaser was effectively communicated to the sellers on the March 28, 2000, the last date provided for in the contract when acceptance could be made.

Under the terms of the contract, the date of settlement was to be extended to remedy the defect in title. Rather than correct the defect in title, the Sellers notified the Purchaser of their desire to terminate the contract. The addendum prepared by Mr. Young does not constitute a counteroffer. As a result of the breach by the Sellers, Purchaser is entitled to have the Court specifically enforce the conveyance of the property on terms and conditions set by the court and an award of reasonable attorney's fees as provided for in contract.

Reasonable attorney's fees in the instant case do not amount to those set out in the affidavit of counsel for the complainant. The issues that are determinative of this cause are those of notification of acceptance and defect in title. Limited testimony and discovery would be required as to these issues. Had not the parties indulged in litigating a host of other issues unnecessary to a decision in the instant case, the matter could have been resolved at only a fraction of the cost reflected in the billing documents. What amounts an attorney may feel constrained to charge his client in the pursuit of litigation do not automatically entitle the client to a dollar for dollar recovery against the opposing party. The Court does not explore the myriad of motives underlying the actions of counsel and client. Instead, the Court must apply an objective standard in making its determination as to what is reasonable given the nature of the work performed and the time spent in producing the result obtained. Accordingly, the Court will award reasonable counsel fees to the complainant in the amount of $3,000.00.

Settlement in accordance with the terms of the contract shall occur on or before November 1, 2001. In the event complainant fails to settle on or before that date, the contract will be rendered void, the deposit returned, the award of counsel fees rescinded, and the bill for specific performance dismissed.

October 9, 2001

This matter is before the Court on the Defendant's Motion to Reconsider. The Court in a letter opinion dated September 10, 2001, determined that the Complainant's agent provided adequate notice of acceptance of a contract for the purchase of real property. Among other things, the Defendants contend that the Court erred when it determined that the Complainant's agent communicated notice of acceptance to the sellers' agent. Based on a review of the testimony of the witnesses, the Court finds that the evidence supports its earlier finding and that the motion to reconsider should be denied.

Mr. Plofchan is directed to prepare and present to this Court a decree of specific performance to which both parties may note their exceptions.